UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JANET INGRASSIA, ET AL.                      CIVIL ACTION

v.                                           NO. 05-2565

MARINA DEL RAY, LLC, ET AL.                  SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiffs' motion for reconsideration. For the reasons that follow, the motion is DENIED.

Background

The facts of this case are outlined in the Court's Order of November 22, 2006, in which the Court granted the defendants' motion to dismiss for lack of subject-matter jurisdiction. The Court found that the structure upon which the plaintiff was injured did not qualify as a vessel for purposes of federal maritime jurisdiction. The plaintiffs now move the Court to reconsider this ruling, arguing that the Court did not correctly interpret the United States Supreme Court ruling in Stewart v. Dutra Construction Co., 543 U.S. 481 (2005), and that the Court should be persuaded by the Eighth Circuit's holding in Bunch v. Canton Marine Towing Co., 419 F.3d 868 (8th Cir. 2005).

1

I.

Although the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, the Fifth Circuit has held that such motions, if filed within ten days after entry of judgment, must be treated as motions to alter or amend under Rule 59(e); if filed after ten days, the Court must hold them to the more stringent standards of a Rule 60(b) motion for relief from judgment. Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075, n. 14 (5th Cir. 1994) (en banc). On November 22, 2006, the Court granted the defendants' motion to dismiss for lack of subject-matter jurisdiction. The order was entered into the record on the same day. The plaintiffs filed this motion on November 29. Because the present motion for reconsideration was filed within ten days of entry of the Court's Order denying dismissal and questions the correctness of the Court's ruling, the Court treats it as a motion under Federal Rule of Civil Procedure 59(e). See, e.g., U.S. v. Deutsch, 981 F.2d 299 (7th Cir. 1992) (substantive motion served within ten days is treated as a motion under 59(e)); U.S. v. One Dodge Pickup, 959 F.2d 37 (5th Cir. 1992) (motion that calls into question the correctness of the court's ruling is treated as a motion under Rule 59(e)).

Because of interest in finality, motions for reconsideration

may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  Templet v. Hydrochem, Inc., 367 F.3d 473, 478-79 (5th Cir. 2004).  Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings.  See id. at 479; Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990).  The grant of such a motion is an "extraordinary remedy."  Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., No. 04-30142, 2004 WL 2554847, at *4 (5th Cir. Nov. 11, 2004) (citing Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004)).

In granting dismissal, this Court relied upon the Supreme Court's opinion in Stewart v. Dutra Construction Co., 543 U.S. 481 (2005) (adopting a "practical capability" definition of "vessel") and the Fifth's Circuits application of Stewart in Holmes v. Atlantic Sounding Co., 437 F.3d 441 (5th Cir. 2006).  The plaintiffs request that this Court re-evaluate its interpretation of Stewart, and point to an Eighth Circuit opinion that has significant factual differences from the case at hand.

While the plaintiffs may disagree with this Court's finding, the plaintiffs raise no new arguments and appear to desire to relitigate the same issue raised in the motion to dismiss.  The plaintiffs have not presented a mistake of law or fact that would

entitle them to the extraordinary remedy that Rule 59 is designed to provide.

Accordingly,

IT IS ORDERED: that the defendant's motion for reconsideration is DENIED.

New Orleans, Louisiana, January 29, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE